**FIFTH DIVISION**
**BROWN, C. J.,**
**RICKMAN, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**May 27, 2026**

# In the Court of Appeals of Georgia

A26A0310. DENT v. THE STATE.

MERCIER, Judge.

Aaron Dent entered a guilty plea pursuant to *Alford*[1] to rape and aggravated child molestation and was convicted on October 11, 2023. On August 5, 2025, Dent filed a motion for leave to file an out-of-time appeal, which the trial court denied pursuant to *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022).[2] In his pro se appeal, Dent argues that the trial court erred by concluding that it may not consider his out-of-

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (91 SCt 160, 27 LE2d 162) (1970).

[2] This was Dent's second motion for an out-of-time appeal. On July 16, 2025, Dent filed his first motion for out-of-time appeal, which the trial court also denied pursuant to *Cook*.

time appeal due to *Cook*. We agree, and thereby vacate the trial court's order and remand for further proceedings consistent with this opinion.

In its order, the trial court denied the underlying motion, stating that "the trial court is not authorized to grant an out of time appeal" and cited *Cook* in support. However, "[w]hile *Cook* eliminated the procedure for obtaining an out-of-time appeal, the General Assembly revived the procedure by statute, effective May 14, 2025, before [Dent] filed the motion at issue here. See OCGA § 5-6-39.1[.]" *Sullivan v. State*, 378 Ga. App. 699, 669-700(1) (927 SE2d 330) (2026). OCGA § 5-6-39.1(b) provides relevantly that :

> In a criminal case, after a judgment of conviction, a defendant whose motion seeking an out-of-time motion for new trial or notice of appeal or whose granted out-of-time motion for new trial or notice of appeal was dismissed based upon the Supreme Court's decision in *Cook v. State*, 313 Ga. 471 (2022), and its progeny, shall have the right to move for leave to file an out-of-time motion for new trial or notice of appeal until June 30, 2026, pursuant to subsection (a) of this Code section.

Because Dent filed his motion for out-of-time appeal after the effective date of OCGA § 5-6-39.1, the "statute should have guided the trial court's analysis." *Sullivan*, 378 Ga. App. at 701(3). Accordingly, we vacate the trial court's order and remand the

2

matter to the trial court for reconsideration of Dent's motion in light of OCGA § 5-6-39.1.[3] See id.; see also *Jones v. State*, 322 Ga. 714, 715 (921 SE2d 708) (2025).

*Judgment vacated and case remanded with direction. Brown, C. J., and Rickman, P. J., concur.*

---

[3] The State argues that Dent failed to show that he met the requirements of OCGA § 5-6-39.1, so this Court should affirm the trial court. However, we are a court for the correction of errors, and we will not review this argument for the first time on appeal. See *State v. Jennings*, 362 Ga. App. 790, 797(2)(a) n. 23 (869 SE2d 183) (2022) ("It is well settled that this Court may not address issues on appeal which were not addressed by the trial court, because this Court is a court for the correction of errors[.]" (quotation marks omitted)).